UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PETER KING,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CONTRA COSTA COUNTY, and DOES 1-10,<br><br>　　　　Defendants. | Case No: C 20-00462 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Dkt. 7 |

Plaintiff Peter King ("Plaintiff") alleges that Defendant Contra Costa County ("Defendant" or "the County") violated his constitutional rights by failing to timely release him from county jail in accordance with his state court sentence. The parties are presently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed. Having read and considered the papers filed in connection with the motion, the Court GRANTS the motion and dismisses the action without leave to amend. The Court, in its discretion, adjudicates the instant motion without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I.　　BACKGROUND

In April 2018, Plaintiff was sentenced on various felony criminal charges by the Contra Costa County Superior Court. Compl. ¶ 8, Dkt. 1; Def.'s Req. for Jud. Notice ("RJN") Ex. A, Dkt. 7. According to Plaintiff, his release date was set for July 7, 2018, but he was not released until October 28, 2018. Compl. ¶ 9. Although Plaintiff complained to unspecified persons that he should have been released on July 7, his complaints and subsequent internal grievances were ignored. Id. ¶¶ 10-12.

On June 24, 2019, Plaintiff, through counsel, filed the instant action in Contra Costa County Superior Court. The Complaint alleges four causes of action: (1) civil rights violation against the Doe Defendants for keeping Plaintiff in prison beyond his release date and against the County pursuant to Monell v. Dep't of Soc. Serv. of N.Y., 436 U.S. 658 (1978); (2) false imprisonment; (3) negligence; and (4) negligent infliction of emotional distress ("NIED"). On January 22, 2020, the County removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.

On January 28, 2020, the County filed the instant motion to dismiss along with a supporting request for judicial notice ("RJN"). Dkt. 6, 7. Attached to the RJN are three felony Abstracts of Judgment ("Judgment") rendered by the Contra Costa County Superior Court. According to the County, the Judgments demonstrate that Plaintiff was not incarcerated beyond his scheduled release date. In addition, the County contends that each of Plaintiff's claims is substantively and factually deficient.

Based on the filing date of the County's motion, Plaintiff's opposition was due by February 11, 2020. Civ. L.R. 7-3(a). To date, no opposition has been filed by Plaintiff.

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)

motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

## III. DISCUSSION

### A. FAILURE TO OPPOSE

Civil Local Rule 7-3(a) provides that "[an] opposition must be filed and served not more than 14 days after the motion was filed." The County filed its motion to dismiss on January 28, 2020. Dkt. 9. As such, Plaintiff's opposition should have been filed by no later than February 11, 2010, but none was filed. Civ. L.R. 7-3(a). On February 18, 2020, the County filed its reply, notifying the Court that no opposition had been filed and therefore its motion to dismiss should be granted as unopposed. Dkt. 9. Although the County's reply clearly alerted Plaintiff to the fact that his opposition was overdue, Plaintiff has not filed any opposition or other paper with the Court.

The failure to oppose a motion to dismiss constitutes an abandonment of the claims for which dismissal is being sought. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . , has effectively abandoned his claim, and cannot raise it on appeal."); see also Gwaduri v. I.N.S., 362 F.3d 1144, 1147 n.3 (9th Cir. 2004) ("Courts have consistently exercised their discretion to grant motions on collateral issues, on the basis that, in failing to respond, the opposing party has consented to such action by the court."); see also SBA Standing Order No. 6 ("The failure of the opposing party to file a timely response to any motion or request may be construed as consent to the granting of the relief sought in the motion or request."). Thus, the Court

finds that Plaintiff's failure to oppose the Motion to Dismiss, standing alone, justifies granting said motion and dismissing the Complaint.

### B. MERITS

Separate and apart from Plaintiff's failure to oppose the County's motion, the Court finds that Plaintiff has failed to state any plausible claims against the County.

#### 1. 42 U.S.C. § 1983

To maintain a claim pursuant to § 1983, a plaintiff must establish: (1) the deprivation of any rights, privileges or immunities secured by the Constitution or federal law, (2) by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred. See Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

Plaintiff asserts that he was illegally detained in the county jail from July 7, 2018 to October 28, 2018. Confinement beyond the end of an inmate's sentence gives rise to § 1983 liability under the Eighth Amendment only if the inmate's continued detention was the result of "deliberate indifference" by state actors. See Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Plaintiff's § 1983 claim fails on multiple levels. First, the Court takes judicial notice of the Judgments associated with Plaintiff's underlying state court conviction, which indicate that he did not overserve his sentence.[1] On or about April 3, 2018, the court imposed a sentence of three years and eight months, with two years suspended. RJN Ex. C.

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of court records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Thus, Plaintiff's effective sentence was twenty months. The Judgment indicates that Plaintiff had 400 days credit (for time served and good time credits), leaving him with 208 days left to serve on his sentence. Two hundred and eight days from the Judgment date of April 3, 2018, falls or October 28, 2018, which is when he was released. Plaintiff does not refute this calculation or the County's contention that he did not overserve his sentence.[2]

Second, Plaintiff fails to identify any state actors who allegedly miscalculated his sentence. See Compl. ¶ 17 (alleging that "Doe defendants, including supervisors" are responsible for keeping Plaintiff incarcerated beyond his release date). That aside, the facts alleged in the pleadings do not demonstrate the requisite deliberate indifference. See Haygood, 769 F.2d at 1354. There is no allegation that the Doe defendants were aware of Plaintiff's release date and deliberately failed to ensure that he was released on time. Rather, Plaintiff merely alleges that they failed to "properly investigate [his] correct release date." Compl. ¶ 17. At most, Plaintiff has alleged that the Doe defendants acted negligently, which is not actionable under § 1983. Toguchi, 391 F.3d at 1060 ("[E]ven gross negligence is insufficient to establish a constitutional violation.").

Finally, Plaintiff's claim against the County must fail. There is no respondeat superior liability under § 1983. Monell, 436 U.S. at 690. A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. Id. at 694. "In order to establish liability for governmental entities under Monell, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (alterations in original).

---

[2] The County calculates Plaintiff's release date as approximately May 17, 2019. Dkt. 6 at 6. In making that calculation, it appears that the County took into account 200 days of credit for time served. It is not clear from the County's motion why it did not take into account the 200 days of good time credits.

The Complaint fails to allege a viable § 1983 claim against the County. Since Plaintiff has failed to state a claim under § 1983 against the Doe defendants, his claim against the County fails as well. Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (holding that municipal defendants cannot be held liable under Monell in the absence of an underlying constitutional violation). Nor has Plaintiff sufficiently alleged that a policy, custom or practice of the County caused the alleged constitutional violation. The pleadings state only that the County has a custom and practice of failing to timely investigate inmate appeals, which "can and does lead to [] constitutional violations of the rights of inmates who are kept beyond their correct release dates." Compl. ¶ 18. No facts are alleged to support these conclusory assertions. Fact-barren claims are subject to dismissal. See Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

### C. FALSE IMPRISONMENT

The pleadings allege that Plaintiff's prison overstay amounts to false imprisonment. "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." Lyons v. Fire Ins. Exch., 161 Cal. App. 4th 880, 888 (2008) (internal quotations and citation omitted). As discussed above, the County contends, and Plaintiff does not dispute, that his state court judgment establishes that he was not incarcerated beyond his release date. Plaintiff's second cause of action for false imprisonment is therefore dismissed.

### D. NEGLIGENCE

By statute, public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would ... have given rise to a cause of action against that employee." Cal. Gov't Code § 815.2(a). However, a public entity is not liable for an injury except as provided by

statute. Cal. Gov't Code § 815(a). Thus, to state a negligence claim against a public entity, the plaintiff must plead with specificity the statutory basis upon which he asserts his negligence claim against a public entity. See Searcy v. Hemet Unified School Dist., 177 Cal. App. 3d 792, 802 (1986) (noting that a plaintiff must plead with particularity the existence of a statutory duty before asserting a negligence claim against a public entity). Plaintiff has failed to set forth the statutory basis for liability. The Court therefore dismisses the third cause of action for negligence.

### E.  NIED

There is no independent cause of action for NIED. Behr v. Redmond, 193 Cal. App. 4th 517, 532 (2011), as modified (Mar. 25, 2011) ("Negligent infliction of emotional distress is not an independent tort; the tort is negligence.") (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993)). Accordingly, the fourth cause of action for NIED is dismissed.

### F.  LEAVE TO AMEND

Typically, leave to amend is appropriate where the factual allegations are deficient. However, as noted, Plaintiff has abandoned his claims by failing to file an opposition in response to the County's Motion to Dismiss. See Carvalho, 629 F.3d at 888. In view of Plaintiff's lack of opposition to the instant motion, Plaintiff's § 1983 claims are dismissed without leave to amend. See Qureshi v. Countrywide Home Loans, Inc., No. C 09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing claims without leave to amend where the plaintiff failed to respond to the defendant's arguments for dismissal) (citing Jenkins v. County of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).

## IV.  CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the County's Motion to Dismiss is GRANTED. All claims alleged in the Complaint are dismissed without leave to amend. The Clerk shall close the file.

|   |   |   |
|---|---|---|
| 1 | IT IS SO ORDERED. | |
| 2 | Dated: 02/28/2020 | *Saundra B Armstrong* |
| 3 | | SAUNDRA BROWN ARMSTRONG |
| | | Senior United States District Judge |